UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRIS WHITE                                                                                    PLAINTIFF

v.                                              No. 2:19-CV-02111

JON MARK SIMPSON, individually
and in his official capacity as Mayor, et al.                                              DEFENDANTS

**ORDER**

Defendants filed a notice of removal (Doc. 1) from Johnson County Circuit Court. Plaintiff Chris White ("White") originally filed a complaint in Arkansas state court against Defendants Jon Simpson, the City of Clarksville, Jeff Ross, Tom Cogan, Mary Townsend, and Whitney Barnes. (Doc. 3). White alleges Defendants have violated his federal and state constitutional rights, the Federal Civil Rights Act, and the Arkansas Civil Rights Act. (Doc. 3). White further alleges claims of slander, libel, and defamation against separate Defendant, Whitney Barnes. (Doc. 3). For the reasons set forth below Plaintiff's claims will be dismissed.

**I.      Background**

Plaintiff previously filed a lawsuit against Defendants Jon Simpson, the City of Clarksville, Jeff Ross, Tom Cogan, and Mary Townsend in this Court on November 6, 2017. *White v. Simpson*, No. 2:17-CV-02207, 2018 WL 4924026, *1-3 (W.D. Ark. 2018). White alleged in his first suit that Defendants violated his federal and state constitutional rights in a manner actionable under Title III of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act of 1993. *Id.* On October 10, 2018, this Court granted Defendants' motion for summary judgment, dismissed White's federal claims with prejudice, and dismissed White's state law claims without prejudice. *Id.* A full statement of the facts of this case can be found in this Court's previous opinion and order granting Defendants' motion for summary judgment. *Id.*

1

On July 29, 2019, White filed a complaint in the Circuit Court of Johnson County, Arkansas against Defendants Jon Simpson, the City of Clarksville, Jeff Ross, Tom Cogan, Mary Townsend, and Whitney Barnes. White alleged defendants, the City of Clarksville, Jeff, Ross, Tom Cogan, Mary Townsend violated his federal and state constitutional rights, the Federal Civil Rights Act, and the Arkansas Civil Rights Act. White further alleged claims of defamation, slander, and libel against separate Defendant, Whitney Barnes. (Doc. 3).

Defendants filed a notice of removal in this Court on August 28, 2019 pursuant to 28 U.S.C. § 1441, stating jurisdiction under 28 U.S.C. § 1331. (Doc. 1). Jurisdiction over state law claims is pursuant to 28 U.S.C. § 1367.

## II. Legal Standard

A court may dismiss an action sua sponte for claim preclusion if the court is on notice that it has previously decided the issue. *Arizona v. California*, 530 U.S. 392, 412, 120 S.Ct. 2304, 2318 (2000). "This result is consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.* (quoting *United States v. Sioux Nation of Indians*, 448 U.S. 371, 432, 100 S.Ct. 2716 (1980)).

## III. Analysis

### A. Claim Preclusion

The preclusive effect of a federal-court judgment is determined by federal common law. *See Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 2171 (2008). Claim preclusion is applicable when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of actions." *See Magee v. Hamline*

2

*Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015) (internal quotations omitted) (citations omitted). A second lawsuit is based on the same claims or causes of actions if the claims arise out of the same nucleus of operative fact. *See id.* Claims arise out of the same nucleus of operative fact when the claims involve the same "incident or series of transactions." *See Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). The doctrine of claim preclusion provides that a "final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Knutson v. City of Fargo*, 600 F.3d 992, 998 (8th Cir. 2010) (internal quotations omitted) (citation omitted).

White's first suit in this Court resulted in a final judgment on the merits because this Court granted summary judgment and dismissed White's claims. *See Anderson v. City of St. Paul, Minnesota*, 849 F.3d 773, 779 (8th Cir. 2017) (stating summary judgment is a final judgment on the merits). The first suit was based on proper jurisdiction because this Court had subject matter jurisdiction under 28 U.S.C. § 1331 due to White's claims arising under federal law. For White's state law claims in the first suit, this Court had supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Both suits involve the same parties. In White's first suit, he alleged Defendants John Simpson, the City of Clarksville, Jeff Ross, Tom Cogan, and Mary Townsend violated his federal and state constitutional rights. In White's second suit, he again alleged Jon Simpson, the City of Clarksville, Jeff, Ross, Tom Cogan, Mary Townsend violated his federal and state constitutional rights. These two suits involve the same parties.[1]

Both suits involve White's ban from the Marvin Vinson Building. In the first suit White

---

[1] Although Whitney Barnes was not named in White's first suit, the claims against Barnes are state law claims. Here, claim preclusion is applied to White's federal law claims.

alleged Defendants violated his constitutional rights including his right to freedom of religion, speech, association, and due process as a result of his ban from the building. White's second suit again alleges Defendants violated his constitutional rights, including freedom of religion and due process because White was banned from the Marvin Vinson Building. Both claims are based on the same nucleus of operative fact surrounding White's ban from the building. Because the claim preclusion requirements are satisfied, White is barred from bringing his federal claims in this Court. White's federal law claims are dismissed.

**B.     State Law Claims**

Although claim preclusion does not appear to apply to White's claims against Whitney Barnes, this Court declines supplemental jurisdiction over White's state law claims against Barnes. Because the Court is dismissing the claims over which it has original jurisdiction, the claims over which the Court has supplemental jurisdiction will be dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1018-19 (8th Cir. 2011).

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's federal claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 9th day of September, 2019

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE